UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jeffrey Hall, <br><br>                           Plaintiff, <br><br> v. <br><br> Zelynette Caron, et al., <br><br>                           Defendants. | Civil No. 25-cv-00735 (SVN) <br><br><br><br><br> June 10, 2025 |

**RULING AND ORDER ON MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This is a prison civil rights lawsuit brought by Jeffrey Hall, an inmate at Carl Robinson Correctional Institution.  Along with his complaint, Mr. Hall filed two motions for leave to proceed *in forma pauperis* ("IFP") – that is, without paying the filing fee.  (ECF Nos. 14, 17.)  For the following reasons, the first of his two motions will be granted.

When a plaintiff files a complaint in federal court, typically he must pay filing and administrative fees totaling $405, *see* 28 U.S.C. § 1914, but courts may nevertheless authorize a plaintiff to proceed "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532 (2015) (holding that plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees or paying certain expenses").  When a plaintiff seeks leave to proceed IFP, the court must determine whether he has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).  To demonstrate economic need sufficient to justify IFP status, a plaintiff does not need to prove absolute destitution.  *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per

curiam). He does, however, need to show that "paying such fees would constitute a serious hardship," *Feibelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007), and that he would not be able to provide himself or his dependents "with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

For an IFP application to be complete, there is an additional procedural requirement. Plaintiffs must submit "a certified copy of [their] trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." *See* 28 U.S.C. § 1915(a)(2).

In this case, Mr. Hall cannot afford the $405 filing fee. His trust account statement certified by a prison official shows a balance of $12.39 on May 20, 2025. His trust account statement balances from the six months prior to filing did not exceed $65. Further, his average monthly statement balance for the 6 months before filing his claim was approximately $27, with average monthly deposits of $33 and average monthly expenses on the necessities of life of $5. For the foregoing reasons, Mr. Hall's first motion for leave to proceed *in forma pauperis* (ECF No. 14) is granted, and his second (ECF No. 17) is denied as moot.

                                                      */s/ Thomas O. Farrish*
                                                      Hon. Thomas O. Farrish
                                                      United States Magistrate Judge